■ EDWARD J. FINCK, Respondent, v. H. C. BOHACK CO., INC., Appellant.— In an action by a patron of defendant's store to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Queens County, entered September 17, 1959, after a jury trial, in favor of plaintiff. Plaintiff was injured when he fell over a child's coaster wagon in a vestibule of the store, near the exit door. Judgment affirmed, with costs. No opinion. Beldock, Kleinfeld, Christ and Pette, JJ., concur; Nolan, P. J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: The accident occurred by reason of plaintiff's fall over a child's coaster wagon in the vestibule of defendant's supermarket. When plaintiff entered the store the wagon was in a position in the vestibule which did

not interfere with his entrance to, and would not have interfered with his egress from, the store. When he left the store, the wagon was close to the exit door and in a position found by the jury to be dangerous to defendant's patrons. In denying a motion to set aside the verdict and to dismiss the complaint, the learned trial court held that on the evidence the jury was justified in concluding: (1) that the wagon was in the area of the vestibule of the store for a sufficiently long period of time to put defendant on notice of its presence; (2) that defendant was on notice that in the normal use of the premises by customers, the wagon could be moved from a position of safety to one of danger in the area immediately adjacent to the exit door; and (3) that defendant had a duty of care against a foreseeable danger which it had not properly discharged. Such theory, however, was not the one upon which the case was submitted to the jury. The jury was charged, and it became the law of the case, that plaintiff could recover only if the wagon's position, when plaintiff fell over it, had continued for a period of time sufficient to give defendant constructive notice of the existing condition and sufficient to give defendant an opportunity to correct the dangerous condition. There was no proof of such facts, and hence, under the law as charged, plaintiff was not entitled to recover.